1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA - OAKLAND
10
11

| | |
|---|---|
| AHO ENTERPRISES, INC., dba SUPERIOR AUTO BODY, a California corporation<br><br>     Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation and DOES 1-20<br><br>     Defendants.<br>_____ | CASE NO. 3:08-cv-04133-SBA<br><br>[Assigned to the Honorable Saundra Brown Armstrong, Courtroom 3]<br><br>**ORDER ON DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)**<br><br>Date      : October 28, 2008<br>Time      : 1:00 p.m.<br>Courtroom : "3" |

The motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant State Farm Mutual Automobile Insurance Company ("State Farm") challenging the complaint filed by plaintiff AHO Enterprises, Inc., dba Superior Auto Body ("Superior") came on regularly for hearing on October 28, 2008 before this Court. Steven S. Fleischman, Robie & Matthai, a Professional Corporation, appeared on behalf of State Farm; Conor P. Moore, Coblentz, Patch, Duffy & Bass LLP, appeared on behalf of Superior.

   Having considered the pleadings and argument of counsel the Court hereby rules as follows:

**BACKGROUND**

This is a diversity action under California law filed by Superior against State Farm. Superior is an automobile repair shop located in San Carlos, California. State Farm is an automobile insurance company. The gravamen of Superior's complaint is that State Farm did not pay for certain repair and storage charges regarding a Ford F150 truck owned by Patricia Hopper ("Hopper"), a State Farm insured.

By way of background, under California law an insured has the right to choose where his/her automobile may be repaired. (Cal. Ins. Code § 758.5.) However, an insurer, such as State Farm, has the right to suggest or recommend that an automobile be repaired at a specific automobile repair shop, so long as the referral is requested by the insured or the insured has been informed in writing of its right to select the automobile repair dealer. (*Id.*, § 758.5(b)(1).) If the insurer's recommendation is accepted by the insured, then the insurer shall cause the damaged vehicle to be restored to its condition prior to the loss at no additional cost to the insured other than as stated in the insurance policy (*i.e.,* a deductible) or as provided by law. (*Id.*, § 758.5(b)(2).) In this case, State Farm did not suggest or recommend to Hopper that her truck be repaired at Superior. Therefore, State Farm's only contractual obligation is to Hopper as spelled out in State Farm's insurance policy, *i.e.*, to prepare an estimate sufficient to restore the damage to the vehicle to "pre-loss condition," including pricing based upon a State Farm labor rate survey. (Levy v. State Farm Mut. Auto. Ins. Co. (2007) 150 Cal.App.4th 1, 7-9, 50 Cal.Rptr.3d. 54.)

With that background in mind, Superior alleges: On March 14, 2008, Hopper's truck was involved in an automobile accident and taken to Superior for repairs. (Complaint, ¶ 7.) On March 20, 2008, State Farm prepared a preliminary estimate for $8,992.94 to repair the truck. Because Hopper had a $250 deductible, State Farm wrote a check to Hopper for $8,742.94 and left the check with Superior. (Complaint, ¶ 8.) Superior commenced repairs on the truck and alleges that it found additional damage thereto. On April 3, 2008, Superior prepared a Preliminary Supplement indicating that the total to repair Hopper's truck would now be $12,723.16. (Complaint, ¶ 10.) The next day, State Farm's representative inspected

1  the truck and orally informed Superior that the truck "could be a total loss." (Complaint,
2  ¶ 11.) On April 8, 2008, State Farm informed Superior in writing that the truck was a total
3  loss and requested that Superior cease making any repairs. (Complaint, ¶ 12.)

4        On April 9, 2008, Superior faxed to State Farm its calculation of money owing, as
5  follows: (1) $3,609.25 for parts and labor; (2) $268.75 for towing; and (3) $2,460 for 27 days
6  of storage. (Complaint, ¶ 13.) Superior's claim for storage included purported storage during
7  the time period Superior was making repairs to Hopper's truck. (Complaint, ¶¶ 8-9, 13.)
8  Superior subsequently reduced the amount it was claiming for storage to $2,220. (Complaint,
9  ¶ 14.)

10       On April 11, 2008, State Farm sent a letter to Superior in which State Farm disputed
11 the amount owing for storage. In the letter, which as discussed below can be considered on a
12 Rule 12(b)(6) motion because it is referred to in Superior's complaint, State Farm contended
13 that the ordinary storage rate in the San Carlos and surrounding area is $60/day.
14 Nonetheless, State Farm paid Superior $1,200 representing 15 days of storage at $80/day, the
15 daily rate claimed by Superior. State Farm also paid Superior $3,609.25 for the repairs and
16 $268.75 for towing, for a total of $5,078.

17       Superior alleges in its complaint that its claim for storage fees continues to accrue at
18 $80/day, which through July 18, 2008 is $5,280. (Complaint, ¶ 23.)

19       Superior filed this action in San Mateo County Superior Court on July 21, 2008.
20 Superior's complaint alleges causes of action for: (1) breach of implied contract;
21 (2) intentional interference with prospective economic advantage; (3) negligent interference
22 with economic advantage; (4) unfair competition under California Business & Professions
23 Code section 17200; and (5) declaratory relief. State Farm timely removed this action to this
24 Court and filed a Rule 12(b)(6) motion directed at the second, third and fourth causes of
25 action.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a claim and the court must determine whether the facts, if true, would state a claim for relief. (Conley v. Gibson (1957) 355 U.S. 41, 45-46.) In ruling on a Rule 12(b)(6) motion, a court may consider exhibits referred to in the complaint, even if not attached to the complaint. (Branch v. Tunnell (9th Cir. 2004) 14 F.3d 449, 454, overruled on other grounds, Galbraith v. County of Santa Clara (9th Cir. 2002) 307 F.3d 1119, 1127; Chambers v. Time Warner, Inc. (2d Cir. 2002) 282 F.3d 147, 153, fn. 3; Bryant v. Avado Brands, Inc. (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16.)

## ANALYSIS

**1.    Second Cause of Action**

The second cause of action for intentional interference with prospective economic advantage is dismissed for failure to state a claim upon which relief may be granted. The complaint does not allege, as it must, that State Farm has committed an "independently wrongful" act. (Della Penna v. Toyota Motor Sales, U.S.A., Inc. (1995) 11 Cal. 4th 376, 393.)

At oral argument, Superior claimed that the "independently wrongful" acts that Superior could allege are purported violations of California Business & Professions Code section 17200 ("Section 17200") and California Vehicle Code section 22524.5(a) ("Section 22524.5").  For the reasons set forth below, Superior's claim under Section 17200 fails as a matter of law.

With respect to Section 22524.5, that provision relates to storage fees.  However, Section 10652.5 of the California Vehicle Code ("Section 10652.5") limits a claim for storage fees to 15 days unless certain requirements are satisfied.  Superior's complaint does not allege any facts that would entitle it to more than 15 days of storage fees under Section 10652.5. Paragraph 15 of Superior's complaint refers to an April 11, 2008 letter from State Farm, which is thereby incorporated into the complaint as a matter of law and can be considered on a Rule 12(b)(6) motion.  (Branch v. Tunnell (9th Cir. 2004) 14 F.3d 449, 454;

Chambers v. Time Warner, Inc. (2d Cir. 2002) 282 F.3d 147, 153, fn. 3.)  That letter, attached to State Farm's reply brief, shows that State Farm paid Superior $1,200 for storage, which is 15 days of storage at Superior's claimed rate of $80/day.  In addition, under California law, Superior cannot claim storage fees during the period of time in which it was making repairs.  (Complaint, ¶¶ 8-10, 13; Owens v. Pyeatt (1967) 248 Cal.App.2d 840, 845.) Moreover, Superior's complaint alleges that State Farm paid Hopper $8,742.94 and left the check with Superior. (Complaint, ¶ 8.)

Therefore, the Court finds that State Farm has paid Superior all that it could have been required to pay for storage fees under Section 10652.5. Accordingly, Superior has not alleged a violation of Section 10652.5 which could form the basis for an "independently wrongful" act to support a claim for intentional interference with prospective economic advantage.

Superior also contended at oral argument that State Farm's actions were "independently wrongful" because of State Farm's alleged breach of its contractual duty to its insured, Hopper.  This contention fails.  Superior lacks standing to assert claims on behalf of third-parties. (Tileston v. Ullman (1943) 318 U.S. 44, 46.) "Representational" standing is inapplicable in this case.  (Powers v. Ohio (1991) 499 U.S. 400, 410-411.)  Even assuming *arguendo* that Superior had standing, State Farm cannot be sued for purportedly interfering with its own contract of insurance. (Applied Equipment Corp. v. Litton Saudi Arabia (1994) 7 Cal.4th 503, 514, 28 Cal.Rptr.2d 475.) The same applies to claims for interference with prospective economic advantage. (JRS Products, Inc. v. Matsushita Electric Corp. of America (2004) 115 Cal.App.4th 168, 181-183, 8 Cal.Rptr.3d 840; Kasparian v. County of Los Angeles (1995) 38 Cal.App.4th 242, 266, 45 Cal.Rptr.2d 90.) Moreover, California courts have rejected the argument advanced by Superior, to wit, that an insured can sue an insurer for allegedly not paying for repairs according to "industry scale." (Levy v. State Farm Mut. Auto. Ins. Co. (2007) 150 Cal.App.4th 1, 8, 50 Cal.Rptr.3d 54; see also Joaquin v. Geico Gen'l Ins. Co. (N.D.Cal. 2008) 2008 WL 53150 *3 [White, J.].)

Therefore, State Farm's motion to dismiss the second cause of action is GRANTED. Superior is granted leave to amend, only if it can in good faith plead additional facts showing

1  that it is entitled to more than 15 days of storage fees under Section 10652.5.  Leave to
2  amend is otherwise denied in all respects; no additional claims may be asserted in any
3  amended complaint.

4  **2.    Third Cause of Action**

5  The third cause of action for negligent interference with prospective economic
6  advantage is dismissed for failure to state a claim upon which relief may be granted because
7  the complaint does not allege that State Farm owes a duty of care to the plaintiff. (Limandri
8  v. Judkins (1997) 52 Cal.App.4th 326, 348.) Moreover, the Court holds, as a matter of law,
9  that State Farm does not owe any duty to Superior.  (Ibid.)  Under California law, State Farm
10 does not owe a duty to its insured to pay Superior based upon claims of "industry scale" for
11 automobile repairs.  (Levy v. State Farm Mut. Auto. Ins. Co. (2007) 150 Cal.App.4th 1, 8, 50
12 Cal.Rptr.3d. 54; Joaquin v. Geico Gen'l Ins. Co. (N.D.Cal. 2008) 2008 WL 53150 *3 [White,
13 J.].) If State Farm does not owe that duty to its own insureds, it certainly does not owe that
14 duty to Superior, who is not a party to the contract of insurance and who is simply a third-
15 party vendor.

16 Therefore, State Farm's motion is GRANTED as to the third cause of action without
17 leave to amend.

18 **3.    Fourth Cause of Action**

19 The fourth cause of action for alleged violations of Section 17200 is dismissed for
20 failure to state a claim upon which relief may be granted and for lack of standing.

21 Under California law, standing under Section 17200 is limited to persons or entities
22 who can seek restitution from the defendant. (Buckland v. Threshold Enterprises, Ltd. (2007)
23 155 Cal.App.4th 798, 817; Johnnie Walker dba PJ's Auto Body v. USAA Casualty Ins. Co.
24 (E.D.Cal. 2007) 474 F.Supp.2d 1168, 1173-1174.) Superior lacks standing to pursue this
25 cause of action because it has not alleged that it ever had an "ownership interest" in any
26 money or property paid to State Farm which would make it eligible for restitution. (Cal. Bus.
27 & Prof. Code §§ 17203, 17204; Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.
28 4th 1134, 1144-1145, 1148) The complaint does not allege that Superior ever paid any

money to State Farm, and counsel for Superior conceded at oral argument that Superior never paid State Farm any money.  Nonetheless, Superior contends that it is entitled to restitution based upon the value of parts, repair services and storage included in its repair to the vehicle at issue. This contention, however, is belied by the allegations of Superior's complaint. Paragraph 13 of the complaint alleges that Superior was entitled to payment of $3,609.25 for "parts and labor." State Farm's April 11, 1008 letter shows that State Farm paid $3,609.25 for that claim.  In addition, as set forth above, Superior has not alleged any facts showing that it is entitled to more than the $1,200 State Farm paid for storage under Section 10652.5. Therefore, Superior cannot allege any entitlement to restitution, which would provide it with standing to pursue a Section 17200 claim.

Even assuming *arguendo* that Superior had standing to pursue a Section 17200 claim, the Section 17200 claim still fails.  Superior claims that State Farm's conduct was "unlawful" and "unfair" under Section 17200; Superior does not contend that State Farm's conduct was "fraudulent." For conduct to be "unlawful" under Section 17200, it must violate a statute. (Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co. (1999) 20 Cal.4th 163, 180 (Cel-Tech).) In Cel-Tech, the California Supreme Court held that in cases involving competitors, in order for a business practice to be "unfair" under Section 17200, the conduct complained of must be "tethered" to an independent statutory violation or be violative of antitrust laws. (Cel-Tech, supra, 20 Cal.4th at pp. 186-187.)  Even in cases which are not "competition" cases, the "tethering" requirement still applies. (See In re Firearms Cases (2005) 126 Cal.App.4th 959, 973, 24 Cal.Rptr.3d 659; Textron Financial Corp. v. National Union Fire Ins. Co. (2004) 118 Cal.App.4th 1061, 1072, 13 Cal.Rptr.3d 586; Gregory v. Albertson's Inc. (2002) 104 Cal.App.4th 845, 854, 128 Cal.Rptr.2d 389; Schnall v. Hertz Corp. (2000) 78 Cal.App.4th 1144, 1166, 93 Cal.Rptr.2d 439.) For the reasons set forth above, Superior has not alleged a violation of the California Vehicle Code regarding storage fees.  Accordingly, Superior has not alleged conduct that is "unlawful" or "unfair" to support a Section 17200 claim.

At the hearing, Superior requested leave to amend to allege a Section 17200 claim based upon alleged violations of the "anti-steering" provisions of California Insurance Code section 758.5 ("Section 758.5"). That request is DENIED.

Section 758.5 does not create a private right of action under <u>Moradi-Shalal v. Fireman's Fund Ins. Cos</u>. (1988) 46 Cal.3d 287, 250 Cal.Rptr. 116 (<u>Moradi-Shalal</u>).  In <u>Moradi-Shalal</u>, the California Supreme Court held that the Unfair Insurance Practices Act ("UIPA") (Cal. Ins. Code § 790, et seq.) does not create a private right of action for violations of its provisions and, instead, can only be directly enforced by the Insurance Commissioner.  Subdivision (f) of Section 758.5 provides that the statute should be enforced by the Insurance Commissioner pursuant to the UIPA.  Therefore, just as there is no private right of action under the UIPA, there is no private right of action created by Section 758.5. Because no private right of action exists under Section 758.5, Section 17200 cannot be used to circumvent <u>Moradi-Shalal</u>. (<u>Textron Financial Corp. v. National Union</u> (2004) 118 Cal.App.4th 1061, 1070, 13 Cal.Rptr.3d 586; <u>Manufacturer's Life Ins. Co. v. Superior Court</u> (1995) 10 Cal.4th 257, 267, 282-284, 41 Cal.Rptr.2d 220; <u>AICCO, Inc. v. Insurance Co. of N. Am.</u> (2001) 90 Cal.App.4th 579, 596, 109 Cal.Rptr.2d 359; <u>Safeco Ins. Co. v. Superior Court</u> (1990) 216 Cal.App.3d 1491, 1493-1494, 265 Cal.Rptr. 585; <u>Maler v. Superior Court</u> (1990) 220 Cal.App.3d 1592, 1598, 270 Cal.Rptr. 222; <u>Industrial Indemnity Co. v. Superior Court</u> (1989) 209 Cal.App.3d 1093, 1097, 257 Cal.Rptr. 655.) In this regard, the Court has granted State Farm's unopposed request for judicial notice of an order of the Orange County Superior Court in a case entitled *Spectrum Collision Center v. State Farm Mutual Automobile Insurance Company*, Orange County Superior Court case No. 30-2008-00105694.  In that case, the Orange County Superior Court specifically held that Section 758.5 does not create a private right of action under <u>Moradi-Shalal</u> and, therefore, a purported violation of Section 758.5 cannot be used to support a Section 17200 claim under the authorities cited above. Superior has provided this Court with no contrary authority.

1  Leave to amend may be denied when the proposed amendment is futile or would be
2  subject to dismissal. (<u>Saul v. United States</u> (9th Cir. 1991) 928 F.2d 829, 843.) Accordingly,
3  the fourth cause of action is dismissed without leave to amend.

### CONCLUSION

Therefore, State Farm's motion to dismiss is GRANTED, without leave to amend as to the third and fourth causes of action, and GRANTED with limited leave to amend, as to the second cause of action as set forth above. Superior is granted 14 days leave to amend, if it can do so consistent with this Order.  Thereafter, State Farm has 14 days to respond to the amended complaint or to answer.

**IT IS SO ORDERED.**

DATED: 11/4/08

_____
SAUNDRA B. ARMSTRONG
United States District Court Judge

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Proposed Order_Mtn Dismiss 2.wpd

9

**[PROPOSED] ORDER ON MOTION TO DISMISS**
**PURSUANT TO FRCP RULE 12(B)(6)**                                                3:08-cv-04133-SBA