IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHO ENTERPRISES,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>            Defendant. | No. C 08-4133 SBA<br><br>**ORDER AND JUDGMENT**<br><br>[Docket Nos. 21, 25, 29, 30] |

Before the Court is Plaintiff's "Motion Seeking Leave to File Motion for Reconsideration," [Docket No. 29], Defendant's Motion for Judgment on the Pleadings [Docket No. 25] and Defendant's request for Formal Publication of this Court's Order dated November 4, 2008. [Docket No. 21].

Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons given below, the Court DENIES the plaintiff's motion for leave to file a motion for reconsideration, GRANTS the motion for judgment on the pleadings and DENIES the Defendant's request to Publish.

## **BACKGROUND**

**I.     Factual Background**

This case begins with Mrs. Hopper's truck, which was damaged in an accident. Mrs. Hopper's truck was insured by State Farm, and she had it towed to Plaintiff's business, Superior Auto Body ("Superior") for a repair estimate. The original estimate was $8,992.94, and State Farm authorized repair and issued a check to Mrs. Hopper in that amount, less her deductible. It turned out that the damage was greater than originally anticipated and Superior revised its estimate to $12,723.16.  State Farm told Superior to stop making further repairs because the truck was deemed a "total loss." Mrs. Hopper came

to Superior to retrieve belongings she had left in the truck, and released the truck to State Farm. Superior billed State Farm $2,467 for 27 days of storage of the truck and State Farm disputed the charges. Superior adjusted the storage charge to $2,220. The truck remained at Superior and the storage charges continued to accumulate until Superior put a lien on the truck.  State Farm ultimately paid Superior $1,200 for storage and $3,878 for undisputed towing and repair charges. Superior contends State Farm still owes it storage fees from the date State Farm took title of the truck on April 19, 2008 up through when it filed the complaint, for a total of $7,280. State Farm maintains it has paid all the storage fees it was required to by law.

Superior believes that the dispute over Mrs. Hopper's truck is part of an unlawful "pattern and practice of unreasonably and unlawfully disputing Superior's ordinary and reasonable repair and storage fees." [Plaintiff's Motion at 4]. Superior sued State Farm in state court for: (1) Breach of Implied Contract to Pay Storage and Repair Bill; (2) Intentional Interference with Prospective Economic Advantage; (3) Negligent Interference with Prospective Economic Advantage; (4) Unfair Business Practices pursuant to Section 17200 of the California Business and Professional Code; and (5) declaratory relief.

## II.     Procedural Background

On September 9, 2008, pursuant to Fed. R. Civ. Proc. 12(b)(6), State Farm filed a motion to dismiss Superior's claims for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and unfair business practices. On October 28, 2008, this Court held a hearing on State Farm's motion to dismiss, and entered an order granting that motion on November 4, 2008. [Docket No. 20].

Specifically, the Court granted the motion *without* leave to amend as to the third and fourth causes of action. The Court gave the plaintiff *limited* leave to amend the second cause of action, only if it could, in good faith, plead additional facts showing that it was entitled to more than the 15 days of storage fees permitted by law. *See* California Vehicle Code, § 10652.5 (limiting a claim for storage fees to 15 days unless certain requirements are met).  No amended complaint was filed on or before the deadline.

On December 15, 2008, State Farm filed a motion for judgment on the pleadings with respect

to the two remaining actions, breach of an implied contract and declaratory relief. On the same day, Superior filed this Motion for Leave to File a Motion for Reconsideration.

## LEGAL STANDARD

### I.     Reconsideration

Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

(1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

### II.    Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1990). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id*. When brought by the defendant, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D.Cal.2004). A motion for judgment on the pleadings is therefore similar to a motion to dismiss. *Id.* When the district court must go beyond the pleadings to resolve an issue on a motion for judgment on the pleadings, the proceeding is properly treated as a motion for summary judgment. Fed. R. Civ. P. 12(c); *Bonilla v. Oakland Scavenger Co.*,

697 F.2d 1297, 1301 (9th Cir.1982).

## ANALYSIS

**I.  Reconsideration**

    **A.  Failure to apply dispositive legal authority**.

Superior incorrectly contends that the Court overlooked key legal authority, namely, Judge Jenkins' analysis in *G&C Auto Body, Inc v. GEICO Gen. Ins. Co.*, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. Dec. 12, 2007) on the issue of standing to assert an unfair competition claim under Cal. Bus. & Prof. Code § 17200 et seq.   Decisions of district courts are not binding on one another. Therefore, the *Geico* order is not dispositive legal authority.  And a district court's decision is only binding on itself if it establishes the law of the case as it pertains to rulings for same parties based on same patterns of facts or events.  Therefore, this Court did not improperly contradict one of its own decisions.  The Court simply made a different ruling based on case-specific facts and with respect to different parties.

    **B.  Mistake of Fact**

Superior argues the Court improperly considered a letter that was attached to the State Farm reply brief and then relied on a false oral representation by State Farm about the letter when deciding to dismiss the claim for intentional interference with prospective economic damage.

The Court dismissed this claim because Superior failed to demonstrate it had pleaded an "independent wrong", which is a requirement of the tort.  Superior, at the hearing, argued that it clearly alleges Section 17200 as the required "independent wrong."  The trouble with that allegation is that Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices.  Korea Supply,  29 Cal.4th at 1143.  Having already announced its inclination to dismiss the Section 17200 claim for lack of standing, the Court inquired whether other "independent wrongs" could be alleged to support the tort claim.  The Court considered Superior's argument with respect to alleged violations of  §22524.5(a) of the Vehicle Code.  [Compl. para. 51] and found it deficient to withstand the motion to dismiss.  The Court granted Superior leave to amend the complaint as to claim for intentional interference with prospective economic damage if it could allege, in good faith, any other independent wrong.

4

Superior has not amended the complaint to date.   The claim is dismissed because the underlying allegations fail to state a claim for which the Court may grant relief.

**II.     Judgment on the Pleadings.**

The motion is limited to the first cause of action for implied breach of contract and the fifth for declaratory relief.

**A. Implied breach of contract.**

The essential elements of an implied-in-fact contract and an express contract are the same, namely, mutual assent and consideration. *Chandler v. Roach,* 156 Cal.App.2d 435, 440, (Cal.App.1957).  Mutual assent is essential to an implied contract, the distinction from an express contract being merely that the promise is implied by conduct rather than expressed in words. *Warner Bros. Intern. Television Distribution v. Golden Channels & Co.,* 522 F.3d 1060, 1069 (9th Cir. 2008).     Superior asks the Court to view the implied contract as one between the repair shop and an ordinary customer. State Farm asks the Court to analyze an implied contract as it may arise between an insurer and a third-party vendor.

Superior contends that there was an implied contract between the two parties from the moment they first met to determine the preliminary estimate of damage. [Opp'n at 11].   State Farm stepped into the insured's shoes and became an ordinary customer, rather than the insurer of its insured's vehicle.  Thus, State Farm, as an ordinary customer, must be held to any agreement it made with Superior to pay for services.

Their particular bargain was that Superior agreed to conduct the repairs in the preliminary estimate for the agreed-upon price, which was negotiated by State Farm.  When the contract was made, State Farm knew that Superior had a policy of charging for the storage of vehicles, and knew that should the truck require storage at the repair shop, it would incur storage costs.  State Farm insured's have been bringing cars to Superior for a decade. [Opp'n at 12].   State Farm also knew that Vehicle Code § 22524.5 required it – as an insurer –  to pay "ordinary and reasonable costs," so it knew that it was incurring an obligation to pay to store Mrs. Hopper's truck.  However once State Farm took title to the truck, on April 19, 2008, State Farm was obligated to pay Superior's storage fees beginning on that date, as an ordinary customer, no longer as an insurer.

5

State Farm argues that no implied contract was formed to pay Superior for the storage fees it requested.  First, the only contractual duty State Farm has is to its insured.  And State Farm discharged its duty when it paid Mrs. Hopper $8,742.94 for the damaged truck.  Second, insofar as Superior contends that State Farm had a duty, contractual or otherwise, to pay storage fees that are "industry scale," State Farm does not have a duty to its insured, let alone Superior, who is more appropriately characterized as a third-party vendor.  *Levy v. State Farm Mut. Auto. Ins. Co.,* 150 Cal.App.4th 1,(Cal.App. 4 Dist. 2007) (holding, in a class action brought by insured automobile owners, that the policy obligating the insurer to repair the insured's damaged vehicle to pre-accident condition did not require the insurer to provide repairs based on the insured's view of "industry standards"); *see also Joaquin v. Geico Gen'l Ins. Co.*, 2008 WL 53150 (N.D. Cal. 2008).

Finally, insofar as any assent was alleged in the complaint, it was the approval of the preliminary estimate to repair damage, which was paid.   There is no allegation in the complaint that State Farm agreed to pay the disputed storage charge, while at the same time, there is evidence that State Farm paid a statutorily required amount.

There is no implied contract for two reasons under State Farm's theory. First, there is no duty, as a matter of law, for State Farm to pay its insured what the insured thinks are "industry standard" rates.  Thus, there can be no duty, as a matter of law, for State Farm to pay a third-party what the third-party thinks are  "ordinary and reasonable" rates.  Second, there are no allegations in the complaint that State Farm assented, though its conduct,  to pay Superior's advertised outdoor and indoor storage rates.  Without mutual assent, there can be no implied contract.

As for Superior's "ordinary customer" theory, it is unpersuasive when taken in context to the overall framework of the complaint.  Superior brings causes of actions aimed at State Farm's

6

allegedly unfair business practices. If the gravamen of the complaint is that State Farm, as a insurance company with power in the marketplace, engages in a pattern and practice that results in unfair competition, then it must be a business, and arguably a competitor (which it is not), and not an ordinary customer.

The cause of action for breach of implied contract is dismissed.

### B.     Declaratory relief.

The fifth cause of action requests a declaration and judgment that Superior is entitled to the monies it is owed for the repair and storage of the truck and that Superior is entitled to conduct a lien sale of the truck. [Compl. ¶ 56].   Superior has not expressly opposed dismissal of this claim. Because the claim requires the Court to find that State Farm has a duty to pay Superior for the disputed storage fees, as a matter of contract law – and the Court does not – it is dismissed for the same reasons the Court dismisses the implied contract claim.

### C.     Remaining causes of action

Given the foregoing, and because the Court's November 4, 2008 order dismissed Superior's second, third and fourth causes of action, the Complaint is dismissed in its entirety and judgment shall be entered in State Farm's favor.

## CONCLUSION

Plaintiff's motion for leave to file motion for reconsideration [Docket No. 29]  is DENIED. Defendant's motion for judgment on the pleadings [Docket No. 25] is GRANTED.   In accordance with this Order on the defendant's motion for judgment on the pleadings and the November 4, 2008, Order on the motion to dismiss [Docket No. 20 ], judgment is granted in favor of Defendant on all claims brought by Plaintiff. In addition, Defendant's request for formal publication [Docket No. 21]

is DENIED.

All matters calendared in this action are VACATED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 2/10/09

SAUNDRA BROWN ARMSTRONG

United States District Judge

8